**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 27 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SERGEY ZURABOV,

Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

Respondent.

No. 12-71704

Agency No. A097-854-223

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted July 6, 2015
Pasadena, California

Before: W. FLETCHER, PAEZ, and BERZON, Circuit Judges.

Sergey Zurabov petitions for review of the decision of the Board of

Immigration Appeals ("BIA") dismissing his appeal from an Immigration Judge's

("IJ") denial of his applications for asylum, withholding of removal, and protection

under the Convention Against Torture. We have jurisdiction under 8 U.S.C. §

1252(a)(1) to review the final order of removal, and we deny the petition.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Following an evidentiary hearing, the IJ found that Zurabov was not a credible witness. On the basis of that finding, the IJ concluded that Zurabov was not entitled to any relief from removal. The BIA affirmed the IJ's adverse credibility finding. On review, Zurabov argues that the adverse credibility finding is not supported by substantial evidence. We conclude otherwise. We also reject Zurabov's due process argument.

**1.** Substantial evidence supports the adverse credibility determination. Regarding events in March 2003, the record contains inconsistencies that go to the heart of Zurabov's claim. *See Kaur v. Gonzales*, 418 F.3d 1061, 1067 (9th Cir. 2005). Zurabov wrote in his narrative statement about "Yerkrapahs . . . urging the voters to vote for Kocharyan [and] forcing them to take marked ballots into the boxes." Zurabov initially testified, however, that he "did not put in [his] narrative [statement] that the people at the ballot station were Yerkrapahs[,]" and that the individuals at the ballot station "paid between 3 to 5,000 drams . . . to get [voters'] signature[s] on the ballot[s]." *Id.* (considering discrepancies regarding "one of the few interactions between [a petitioner] and the . . . police" to be "significant"). The IJ gave Zurabov a reasonable opportunity to explain the inconsistencies. *See Rizk v. Holder*, 629 F.3d 1083, 1088 (9th Cir. 2011). Thus, because the agency identified inconsistencies going to the heart of Zurabov's claim and Zurabov did

2

not reconcile them, we conclude that the adverse credibility determination was supported by substantial evidence. *See Husyev v. Mukasey*, 528 F.3d 1172, 1183 n.6 (9th Cir. 2008) (declining to address other reasons for an adverse credibility determination after determining that one reason was valid).

**2.** Zurabov claims that the IJ's questioning violated his due process rights. We disagree. The IJ asked numerous questions, but in so doing provided opportunities for Zurabov to clarify confusing aspects of his testimony without undermining his ability to present his case. *See Melkonian v. Ashcroft*, 320 F.3d 1061, 1072 (9th Cir. 2003) ("The IJ did question [the petitioner] aggressively and sometimes harshly. Nonetheless, this does not, on the facts of this case, rise to the level of a due process violation.").

**3.** In light of the adverse credibility finding and the absence of any legal error, the agency properly denied Zurabov's claims for asylum and withholding of removal. As Zurabov does not address his claim for protection under the Convention Against Torture, the claim is waived and we do not address it.

**PETITION FOR REVIEW DENIED.**